IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

SHYLA WAGNER,

    Defendant.

No. 02-cr-40078-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Shyla Wagner's *pro se* motion for a reduction of her criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Doc. 1409). She requests appointment of counsel in her motion and has also filed a motion for the status of this case (Doc. 1410).

Wagner was sentenced in May 2003 to be imprisoned for 135 months, followed by a term of supervised release, for conspiring to manufacture and distribute methamphetamine. She served her prison time and was released. Since then, she has violated her terms of supervised release numerous times, and the Court has revoked her supervised release three times (in 2013, 2015 and 2016). She is currently service a 26-month term of imprisonment imposed in the most recent revocation proceeding.

Wagner now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 that she believes could, if retroactively applied, lower her sentencing range and, ultimately, her sentence. Amendment 782 amended U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower some base offense levels associated with various relevant conduct drug amounts. The relevant parts of Amendment 782 are retroactive. *See* U.S.S.G. § 1B1.10(d).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence

where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

Here, even if Amendment 782 would have lowered Wagner's guideline range, she cannot satisfy the second criterion; a reduction would be inconsistent with the applicable policy statement found at U.S.S.G. § 1B1.10 app. note 7(A) ("Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release."). Thus, a reduction of Wagner's sentence would be inconsistent with the applicable policy statements and would not be authorized by 18 U.S.C. § 3582(c)(2).

Because Wagner is not eligible for a sentence reduction, the Court **DENIES** Wagner's motion (Doc. 1409). The Court further believes counsel could make no argument to convince the Court to rule otherwise, so it **DENIES** Wagner's request for appointment of counsel. In light of this order, Wagner's motion for status (Doc. 1410) is **DENIED as moot**.

**IT IS SO ORDERED.**
**DATED: January 2, 2018**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **U.S. DISTRICT JUDGE**